# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| STEPHEN DIONNE, | ) | |
| | ) | CIVIL ACTION NO. \_\_\_\_ |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| M A C MEDICAL & INDUSTRIAL SERVICES, INC. | ) ) ) | |
| *Defendant*. | | |

## COMPLAINT

COMES NOW, Plaintiff Stephen Dionne ("Plaintiff" or "Mr. Dionne") and sets forth this Complaint for damages and demand for jury trial against Defendant M A C MEDICAL & INDUSTRIAL SERVICES, INC., ("Defendant"). Plaintiff respectfully shows this Court as follows:

### INTRODUCTION

This is a case with direct evidence of age discrimination. Plaintiff, a 58-year-old male, was hired and began working at the above employer on Monday, April 5, 2021. Upon hire, Plaintiff did a ride along training his first week. On Thursday, April 8, 2021, Plaintiff was told he had done well. Defendant asked for Plaintiff's driver's license to create his employee profile. Plaintiff texted his driver's license

to his employer. However, after receiving his driver's license, Defendant texted Plaintiff, ***"I was creating your employee profile and unfortunately, we can not continue with the training. The age window for new hires are 25-45. I was not aware of this. Very sorry for the inconvenience. Thank you for your time this week and good luck to you in the future."*** (See Exhibit 3-5)

1. This is an action seeking damages for discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). Mr. Dionne seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, compensatory damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Mr. Dionne's claims present questions arising under federal law, thus jurisdiction is appropriate before this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because the events complained of herein occurred within the geographic boundaries of the United States District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia.

## ADMINISTRATIVE PROCEEDINGS

4. Mr. Dionne filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). (Attached hereto and incorporated herein is Exhibit 1).

5. Mr. Dionne received a notice of right to sue from the EEOC within the last ninety (90) days and he has complied with all other conditions precedent to the institution of this lawsuit. (Attached hereto and incorporated herein is Exhibit 2).

## PARTIES

6. At all times relevant to this action, Plaintiff was over the age of forty (40).

7. Plaintiff was employed by Defendant at all times material to this Complaint.

8. Defendant is a corporation registered to conduct business in the State of Georgia.

9. Upon information and belief, during all time relevant to this lawsuit, Defendant employed more than twenty (20) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

10. Defendant may be served with process by service upon their registered agent if service of process is not waived.

11. Defendant is subject to the anti-discrimination provisions of the ADEA, as amended.

## STATEMENT OF FACTS

12. Plaintiff was 58 years old upon starting work for Defendant.

13. Plaintiff was hired and he began work for Defendant on Monday, April 5, 2021.

14. Upon hire, Plaintiff did ride along training his first week.

15. On Thursday, April 8, 2021, Plaintiff was told he had done well.

16. On Thursday, April 8, 2021, Defendant asked for Plaintiff's driver's license to create his employee profile. (See "Exhibit 3").

17. Plaintiff texted his driver's license to his employer. (See Exhibit 3)

18. However, after receiving his driver's license, Defendant texted Plaintiff, ***"I was creating your employee profile and unfortunately, we can not continue with the training. The age window for new hires are 25-45. I was not aware of this. Very sorry for the inconvenience. Thank you for your time this week and good luck to you in the future."*** (See Exhibit 4 & 5)

19. Until Plaintiff provided Defendant with his driver's license Defendant had provided Plaintiff with no negative feedback.

**20.** Plaintiff was terminated by Defendant because of his age.

4

## COUNT I

## **AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

21. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

22. Defendant terminated Plaintiff in whole or substantial part because of his age in violation of the ADEA, 29 U.S.C. § 623(1).

23. Defendant's violation of the ADEA was willful and intentional.

24. Plaintiff has suffered loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendant's willful and intention violation of his rights under the ADEA. Plaintiff is entitled to all the rights and remedies provided by the ADEA, including actual damages, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendant be served with Summons and Complaint;

(c) that a trial by jury to all issues be had;

(d) that judgment against Defendant for any and all general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)     for injunctive and declaratory relief;

(f)     for all costs of this action to be taxed against Defendant;

(g)     for all costs and attorneys' fees to be awarded to Plaintiff.

(h)     for nominal damages to be awarded to Plaintiff, and

(i)     for any and all other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 21st day of November 2022.

*s/J. Stephen Mixon, Esq.*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorney for Plaintiff

The Mixon Law Firm
3344 Peachtree Rd., Suite 800
Atlanta, GA 30326
Phone: (770) 955-0100
steve@mixon-law.com